```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROBERTO ROBLES, JR.          :     CIVIL ACTION
                             :
          v.                 :
                             :
HARRY WILSON, et al.         :     NO. 06-2115
```

MEMORANDUM AND ORDER

McLaughlin, J.                                      March 11, 2009

      Petitioner Roberto Robles filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  The petitioner, who is currently incarcerated in state court, challenges his conviction for three counts of aggravated assault, four counts of recklessly endangering another person and one count each of carrying a firearm without a license and possession of an instrument of a crime, for which he has been sentenced to twelve and a half to twenty-five years.  The Court referred the petition to Magistrate Judge M. Faith Angell, who has filed a Report and Recommendation that the petition be denied and dismissed without an evidentiary hearing and that there is no basis to issue a certificate of appealability.

      The petitioner, through his appointed counsel, has filed five objections to the Report and Recommendation.  After independent consideration, for the reasons set out below, the Court will adopt the Report and Recommendation, overrule the objections, and deny the petition without a hearing.

I.   <u>Objection One: Exhaustion of Petitioner's Claims</u>

The petitioner's first objection is that "the Magistrate Judge erred in finding that none of the Petitioner's five claims raised in state court [was] procedurally defaulted" because the petitioner contended that "all his claims were exhausted and the Magistrate erred in her conclusion that they were not."  This objection is, in part, misplaced because the Report and Recommendation expressly finds all five of the claims raised in the petitioner's habeas petition to be procedurally defaulted.  The Report and Recommendation finds that the petitioner failed to properly exhaust any of these claims in state court, that remand of these unexhausted claims to state court would be futile because they are time-barred, and that all these claims are procedurally defaulted.  <u>See</u> Report and Recommendation at 15-16.  The Court therefore interprets this objection as directed to the Magistrate Judge's finding that none of the petitioner's five habeas claims has been properly exhausted in state court.  Upon independent review, the Court finds no error in this finding.

The five claims raised in the petitioner's habeas petition are:  1) the alleged denial of effective assistance of trial and appellate counsel from that counsel's failure to file a statement of the errors complained of on appeal, as required by

Pennsylvania Rule of Appellate Procedure 1925(b);[1]  2) the alleged denial of the petitioner's constitutional right to appeal caused by the Pennsylvania Superior Court's failure to remand the petitioner's case to the trial court to allow him to perfect his direct appeal;  3) the alleged unconstitutionality of the Pennsylvania Post-Conviction Relief Act ("PCRA") because it does not provide a remedy for ineffective assistance of PRCA counsel; 4) the trial court's alleged lack of subject-matter jurisdiction over the petitioner's case based on an alleged lack of a criminal complaint or information "for the complaining witness that Petitioner went to trial for"; and  5) the petitioner's alleged actual innocence.

There is no question that the last three of the petitioner's five habeas claims have not been fairly presented in state court.  Neither the petitioner's submissions on his direct appeal or his submissions in PCRA proceedings mention the unconstitutionality of the PCRA, the alleged lack of subject-

---

[1] Under Pennsylvania Rule of Appellate Procedure 1925, when a notice of appeal is filed from an order and the reasons for that order do not appear of record, the trial court is required to file a brief opinion setting out the reasons for the order appealed from.  Rule 1925 also permits the trial court to require the party that has appealed to file a concise statement of the errors complained of on appeal, to assist in the preparation of the opinion.  The Rule states that, if such a statement is required, issues not raised therein are waived. Rule 1925(b)(4)(vii).

matter jurisdiction over his case, or his alleged actual innocence.[2]

As to the first two of the petitioner's habeas grounds, the petitioner has argued that they should be considered to have been fairly included in the grounds he raised in his PCRA petition.  In the Report and Recommendation, the Magistrate Judge finds that neither argument was raised in the petitioner's original and amended PRCA petition.  This Court disagrees with the Report and Recommendation to the extent that it finds that these arguments were not raised in the petitioner's PCRA petitions to the state trial court.  This disagreement does not affect the Report and Recommendation's conclusion that these arguments were not exhausted, however, because the Court agrees with the Report and Recommendation that these arguments were not raised in the petitioner's PCRA appeal.  The petitioner therefore failed to fairly present these claims to all levels of the state

---

[2] The petitioner raised his actual innocence claim, along with eleven other grounds for relief, in his pro se "Application for Reconsideration Nunc Pro Tunc" filed with the Pennsylvania Supreme Court after that court had denied his petition for review of the denial of his PCRA petition.  By letter, the Pennsylvania Supreme Court declined to accept the Application for Reconsideration as procedurally improper. See Report and Recommendation at 4.  The issues in the Application were therefore never fairly presented to the state court. See Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (finding nunc pro tunc petition to Pennsylvania Supreme Court not recognized under state law); see also Castille v. Peoples, 489 U.S. 346, 351 (1989) (claim not exhausted where presented for the first time to state highest court on discretionary review).

judicial system as required for exhaustion. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[3]

The petitioner's initial pro se PCRA petition raised two alleged errors:

> (1) trial counsel did not provide effective representation to defendant, dur[ing] direct appeal to the superi[or] court by not filing rule 1925(b) Statement as directed by the trial court, thus causing defendant['s] appeal [to be] waived[; and] (2) trial counsel or court never timely informed defendant of this error, defendant was never given notice, or given the good faith opportunity to file pro se/nunc pro tunc and/or rectify the 1925(b) statement as directed by the court

Petitioner's Appx. at 20.

---

[3] Both the petitioner's appointed counsel and the petitioner, himself, have conceded that the petitioner did not exhaust his claims of ineffective assistance based on counsel's failure to file a Rule 1925(b) statement. The petitioner's counsel has conceded this in the petitioner's supplemental habeas brief. See Petitioner's Response to Commonwealth's Motion to Dismiss at 9. The petitioner conceded this in his pro se application to the Pennsylvania Supreme Court for reconsideration of its decision to decline to hear an appeal of the dismissal of his PCRA petition. See Pet. Appx at 84-91. In that application, the petitioner unsuccessfully requested that the Pennsylvania Supreme Court review twelve issues the petitioner contended had not been raised by PCRA counsel before the PCRA court, including that his PCRA counsel "failed to assert the prejudice that petitioner suffered by trial and appellate counsel's ineffective assistance, which was the loss of petitioner's liberty and appellate rights, regardless of what his issues would have been on appeal . . . when counsel failed to abide by the trial court's order to file a 1925(b) Statement causing the loss of petitioner's rights to appeal." Pet. Appx. at 87.

The Court has not relied on these concessions in overruling the petitioner's objections concerning the exhaustion of the Rule 1925(b) claims.

After the petitioner was appointed PRCA counsel, the petitioner filed an amended petition. The memorandum of law in support of the amended petition raised a different issue:

> Whether the petitioner is entitled to PCRA relief where prior counsel, who represented the petitioner throughout the trial and appellate stages, was derelict in his duty for failing to properly raise and preserve the issue of improper comments made by the prosecutor during closing argument.

Pet. Appx. at 32. The amended petition, itself, however, in addition to stating this new ground, also restated the two grounds raised in the initial petition. See Pet. Appx. at 28.

In reviewing the PRCA petition, the trial court understood the petitioner to be raising all three issues, noting in its opinion that the amended petition raised the following issues:

> (a)  [Counsel] who represented the petitioner at all prior stages was ineffective for waiving all appellate issues by failing to file a 1925(b) statement;
>
> (b)  [Counsel] who represented the petitioner at all prior stages, was ineffective for failing to inform the petitioner of the foregoing error in time for the petitioner to file pro se documents to rectify the situation;
>
> (c)  Prior counsel, who represented the petitioner throughout the trial and appellate stages, failed to properly raise and/or preserve the issue of improper comments by the prosecutor.

Pet. Appx. at 64.  The first of these three issues is the same as the first ground that the petitioner raises in his habeas petition:  the denial of effective assistance of counsel from counsel's failure to file a Rule 1925 statement, thereby waiving his right to appellate review.  This habeas ground was therefore fairly presented to the state trial court on PCRA review.

After the state trial court denied the petitioner's PCRA petition, the petitioner appealed.  In his appellate brief, filed by PRCA counsel, the petitioner did not include all three issues considered below, but instead raised only the issue of ineffective assistance from trial counsel's failure to object to allegedly improper comments by the prosecutor.  The question presented in the petitioner's appeal brief asked the appellate court to review:

> Whether the PCRA court erred in dismissing the appellant's petition where he alleged that appellate counsel, who represented him at the trial and direct appeal stages, rendered ineffective assistance of counsel when he failed to properly raise and preserve the issue of improper comments made by the prosecutor during closing arguments and thereby deprived the appellant of a fair and impartial jury and meaningful appellate review of the claim of prosecutorial misconduct?

Pet. Appx. at 172.  In affirming the PCRA trial court, the Pennsylvania Superior Court considered only this issue, finding that the prosecutor's remarks were not improper and therefore trial counsel had not "rendered ineffective assistance by failing

7

to raise and preserve the issue of prosecutorial misconduct."
Pet. Appx. at 160.

The petitioner's failure to raise his Rule 1925(b) ineffective assistance of counsel claims in his PCRA appeal to the Pennsylvania Superior Court means that this issue was not exhausted for purposes of habeas review.  All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Lines v. Larkins, 208 F.3d 153 (3d Cir. 2000).  For a claim to be fairly presented, "both the legal theory and the facts underpinning the federal claim must have been presented to the state courts."  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); see also Lines at 161 (finding an issue was not fairly presented to an appellate court where it was not included in the questions presented for review and was not mentioned directly in the petitioner's brief or incorporated by reference).

The petitioner has therefore failed to exhaust any of the six claims he raises in his habeas petition and his first objection to the Magistrate Judge's Report and Recommendation is overruled.

8

I.   Objection Two:  Cause and Prejudice Sufficient to Excuse the Failure to Exhaust Petitioner's First Two Claims Concerning His Counsel's Failure to File a Rule 1925 Statement

The petitioner's second objection is that "the unusual procedural posture of his habeas petition constitutes cause and prejudice sufficient to excuse the procedural default" of his Rule 1925(b) ineffective assistance claim "since the state court would not consider the unexhausted claim because it was procedurally barred," citing Doctor v. Wilson, 96 F.3d 675, 681 (3d Cir. 1996).

The "unusual procedural posture" to which the objection refers is an intervening change in Pennsylvania law concerning failure to file a Rule 1925(b) statement between the time the petitioner filed his PCRA petition and the time he filed for habeas review.  See Report and Recommendation at 16 (citing Petitioner's Response to the Commonwealth's Motion to Dismiss at 11-12).  While the petitioner's PCRA petition was on appeal, the Pennsylvania Supreme Court decided Commonwealth v. Halley, 870 A.2d 795 (Pa. 2005), holding that a criminal counsel's failure to file a Rule 1925(b) statement should be presumed to be prejudicial for purposes of determining ineffective assistance of counsel.[4]

---

[4]   Traditionally, a petitioner claiming ineffective assistance of counsel was required to establish actual prejudice, as well as the arguable merit of the underlying claim and an absence of a reasonable strategic basis for counsel's action. Halley, 870 A.2d at 798 n.1 (citing Commonwealth v. Pierce, 527

The citation to Doctor in this objection is confusing and it is not clear what aspect of the case the petitioner relies upon.  In Doctor, a criminal defendant fled during his trial and a guilty verdict was entered against him in absentia.  He was apprehended and sentenced and filed an appeal, but his appeal was quashed pursuant to a Pennsylvania rule that a defendant's flight constituted a waiver of any right to appeal.  Id., 96 F.3d at 677-78.  On habeas review, the defendant argued that his failure to file a PCRA petition should be excused as futile, because the same fugitive waiver rule would bar any review of his PCRA claims.  On appeal, the United States Court of Appeals for the Third Circuit held that the failure to file a PRCA petition was not futile, and therefore his claim was not exhausted, because the PCRA permitted waived claims to be heard in order to prevent a miscarriage of justice.  Because the Doctor defendant had been convicted without adversary proceedings, the defendant could arguably show such a miscarriage and the filing of a PCRA petition would not necessarily be futile.  The appellate court

---

A.2d 973, 975-77 (Pa. 1987)).  The Pennsylvania Supreme Court had earlier held that petitioners were excused from showing actual prejudice where counsel had failed to file a requested direct appeal.  Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999).  In Halley, the court took what it described as the "modest and incremental" step of extending Lantzy to cases where counsel had waived a petitioner's appeal rights by failing to file a Rule 1925(b) statement.  Halley, 870 A.2d at 800.

therefore found the defendant's claim to be unexhausted and upheld the dismissal of his habeas petition to allow him to exhaust his claim in PCRA proceedings. Id. at 681-83.

The appellate court in Doctor went on to consider what the district court should do in the event the PCRA court applied the fugitive waiver rule and the defendant resubmitted his habeas petition. In such a case, the fugitive waiver rule would result in the petitioner's claim being procedurally defaulted in state court. Federal courts will not address such procedurally defaulted claims unless the default is not the product of an independent and adequate state rule or unless the defendant can demonstrate cause and prejudice or a miscarriage of justice excusing default. Doctor held that the fugitive waiver rule was not "independent and adequate" because at the time the waiver occurred, the rule was considered discretionary in circumstances like the defendant's. Any of the defendant's claims that were procedurally defaulted as a result of the fugitive waiver rule could therefore be heard in federal court without a showing of cause or prejudice. Id. at 683-86.

The Court understands the petitioner here to be arguing that, even if he failed to exhaust his Rule 1925(b) ineffective assistance claims, that failure should be excused because the petitioner could not have succeeded on those claims before the Pennsylvania Supreme Court's decision in Halley. In making this

argument, the petitioner seems to be confusing the concepts of "futility," discussed in Doctor, with the showing of "cause and prejudice" necessary for an unexhausted habeas claim to be reviewed on its merits.  The question of "cause and prejudice" was not at issue in Doctor.

A petitioner is not "entitled to an adjudication of the merits of his unexhausted federal habeas claims merely because it is now futile to attempt to raise them in state court." Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000).  A finding of futility "merely eliminates the procedural pretense of requiring a federal habeas petitioner to return to an unavailable state forum for nonexistent relief" and "does not mean that the federal courts may proceed to the merits of the petitioner's claims." Id. Where exhaustion would be futile because it would be procedurally barred, "federal courts may only reach the merits if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." Id.  Such a showing requires a petitioner to show "some objective factor external to the defense" that "impeded" the petitioner's efforts to comply with the state procedural rule, plus actual prejudice. Levya v. Williams, 504 F.3d 357, 366 (3d Cir. 2007).

Here, the Report and Recommendation correctly found that returning the petitioner's unexhausted claims to state court would be futile, not because of the Halley decision, but because

any attempt to exhaust those claims would be barred by the PCRA's statute of limitations.  See Report and Recommendation at 15-16.  The Report and Recommendation then correctly considered the separate issue of whether the petitioner had shown the requisite "cause and prejudice" or miscarriage of justice necessary to allow a federal court to reach the merits of his unexhausted claims.

The petitioner argues that the intervening Halley decision establishes sufficient "cause and prejudice" to excuse his failure to raise his Rule 1925(b) ineffective assistance claims in state court.  Prior to Halley, it was not clear whether Pennsylvania courts would presume prejudice to a criminal defendant from his counsel's failure to file a Rule 1925(b) statement.  The petitioner contends this constitutes a sufficient impediment to his ability to raise these ineffective assistance claims to constitute "cause."

As correctly found by the Magistrate Judge in her Report and Recommendation, the law prior to Halley did not impede the petitioner from raising these claims.  The petitioner knew of his Rule 1925(b) ineffective assistance claims prior to Halley and included those claims in his initial and amended PCRA petitions, although not his PCRA appeal.  Although Halley improved the likelihood that such claims would be successful, that does not constitute "cause" for failing to raise the claim.

A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim."  Engle v. Issac, 456 U.S. 107, 130 (1982).

Because the petitioner failed to show sufficient "cause and prejudice" to allow his unexhausted Rule 1925(b) ineffective assistance claims to be considered on the merits, his second objection to the Report and Recommendation will be overruled.

II. Objections Three, Four, and Five:  Cause and Prejudice Concerning the Petitioner's Remaining Claims and the Issuance of a Certificate of Appealability

In his third and fourth objections, the petitioner argues that the Report and Recommendation errs in finding that he has not made a sufficient showing of cause and prejudice or miscarriage of justice to excuse the procedural default of the third, fourth and fifth claims raised in his habeas petition. The Court finds the petitioner's objection without merit for the reasons set forth in the Report and Recommendation.

The petitioner's fifth objection is a request for the issuance of a certificate of appealability.  When, as here, a habeas petition is denied on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional -

14

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Court finds that this required showing has not been met and that there are no grounds for the issuance of a certificate of appealability.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERTO ROBLES, JR.          :    CIVIL ACTION
                             :
            v.               :
                             :
HARRY WILSON, et al.         :    NO. 06-2115

ORDER

AND NOW, this 11th day of March, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus of petitioner Roberto Robles, Jr.; the respondents' initial response (Docket No. 10); the petitioner's reply (Docket No. 15), the petitioner's supplemental petition, prepared with the assistance of counsel and denominated the petitioner's response to the respondent's motion to dismiss (Docket No. 23); and the respondents' supplemental response (Docket No. 28), and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Docket No. 29) and the petitioner's Objections thereto (Docket No. 30), IT IS HEREBY ORDERED, for the reasons set out in a memorandum of today's date, that:

    1.   The petitioner's Objections are OVERRULED.

    2.   The Report and Recommendation is APPROVED and ADOPTED.

    3.   The Petition for Writ of Habeas Corpus is DENIED and DISMISSED WITHOUT AN EVIDENTIARY HEARING.

4. There is no basis for the issuance of a certificate of appealability.

                                   BY THE COURT:


                                   /s/ Mary A. McLaughlin
                                   MARY A. McLAUGHLIN, J.